PETERSON, Appellant, v. HOFTIEZER, Respondent.

(164 N. W. 1029.)

(File No. 4181.   Opinion filed November 12, 1917.)

1. **Pleadings—Amending Answer—Issues Unchanged—Judicial Discretion.**

     An order permitting an answer to be amended did not constitute prejudicial error, the issues not having been changed thereby, and the matter being within trial court's judicial discretion.

2. **Evidence—Negotiable Instrument—Suit by Innocent Purchaser—Answer, Pleading Lack of Consideration, Fraud, Denial re Innocent Purchaser, Evidence Under, Admissibility.**

     An answer, in a suit by an alleged indorsee for value before maturity, pleading lack of consideration, fraud in procurement of note, and putting in issue appellant's allegation of innocent purchaser, states a sufficient defense; and evidence thereunder was properly admitted.

3. **Pleadings—Suit on Note by Indorsee—Answer Alleging Fraudulent Complicity Between Indorsee and Payee—Fraudulent Use**

**of Mails, Conviction of Agent For—Allegations of Probative Facts, No Defense.**

In a suit by alleged indorsee of a promissory note against maker, the answer alleging that one who was agent for payee corporation conspired with the corporation to cheat and defraud divers people, by falsely pretending that payee corporation possessed certain facilities beneficial to said people, that pursuant to said scheme said corporation, in consideration of notes taken from the defrauded parties, entered into certain written contracts for veterinary services by said corporation, that as part of the scheme another corporation pretended to be indorsee in due course without notice of the notes so taken when in fact said last mentioned corporation was the same as the other corporation, that said agent used federal mails · in prosecuting the scheme, that he was indicted, pleaded guilty and was convicted upon the charge of using mails in said scheme, and that said transactions so consummated through mails were void, **held**, that the invalidity of the note, being fraudulent in inception, did not rest upon criminal use of mails; and said allegations set forth no new or additional defense, but one of probative facts, proof of which might, under circumstances, be admissible because therefrom jury might infer the note was obtained by fraud; that while said allegations could properly have been stricken, yet though stricken, proof of the facts might yet be proper.

4.   Evidence—Objections To, Attached to Deposition—Objection "For Reasons Set Forth in Deposition," Without Specification, Sufficiency—Settled Record Containing Specification—Respondent's Remedy in Resisting Settlement of Record—Conclusiveness of Record.

In trial court objections were made to admission in evidence of record attached to a deposition, in the taking of which deposition specific objections were made, but the objection on the trial was merely "for all reasons set forth in deposition" without reading such objections. **Held**, that where in preparing settled record for appeal appellant attached thereto specification of error relating to the ruling upon said objections, in which specification the objection he claimed were interposed were set forth, being same as those contained in deposition, respondent, if believing the method used by appellant did not properly present the objections made below, should have resisted settlement of record containing the specification; by doing which trial court could have shown by settled record it overruled the objection because not properly called to its attention; that the record as settled is conclusive upon appeal.

27—Vol. 39. S. D.

5.  Evidence—Suit on Note by Indorsee—Defense of Fraud of Payee
    and Indorsee—Record of Criminal Conviction of Using Fed-
    eral Mails in Fraudulent Scheme Against Agent of Payee
    Corporation, Whether Admissible Against Corporation—Evi-
    dence of Identity of Convict and Corporation, Submission of,
    to Jury, Propriety of—Corporate Name Cloaking Individual
    Wrong—Plaintiff's Remedy re Evidence.

    In a suit by second indorsee of a note, against maker, the
    defense being that of fraudulent representations and lack of
    consideration, involving an alleged scheme by idorsee and payee
    corporation, held, that record evidence of the conviction of an
    agent and officer of payee corporation for fraudulent use of
    federal mails in furthering the scheme involved in the defense,
    was admissible against the corporation; there being evidence
    from which a jury might rightfully conclude that the agent was
    in effect one and the same as said corporation payee; and
    trial court properly submitted such record to the jury as against
    the corporation upon the theory that it was in effect admitting
    it against the agent and officers; that a corporate name should
    not be used as a mere cloak by which an individual may com-
    mit wrong and escape liability.  Held, further, that while the
    indorser of a negotiable instrument cannot, long subsequent
    to such indorsement and after parting with possession of the
    note, make an admission or statement concerning the validity
    thereof that would be admissible against indorsee, unless made
    when indorsor is a witness in a suit upon the note, yet, it being
    alleged that plaintiff was not the owner of the note, that he
    obtained it for purpose of collecting same for use and benefit
    of original payee, therefore any evidence competent against
    payee if plaintiff was competent against plaintiff; that under
    said issue defendant maker could properly offer said proof;
    and; no objection having been raised that there was insufficient
    evidence to go to the jury upon said issue, and no motion to
    strike same for failure to show plaintiff was not owner of the
    note, it is too late for him to complain of court's ruling
    admitting said record of conviction.  Held, further, that plain-
    tiff's remedy was to have asked the court in its instructions to
    take such exhibits from jury, or instruct them not to consider
    same until such time as they had found from evidence that
    plaintiff was holding the note for benefit of original payee.

6.  Evidence—Suit on Note by Indorsee—Defense, Fraud, Lack of
    Consideration, Services as Consideration—Inability to Per-
    form Service, Probative Facts, Admissibility—Evidence of,
    Pleading as Related to.

    In a suit by an indorsee of a note against maker, involving
    defense of fraud, and of lack of consideration, which consider-
    ation in part consisted of services to be performed by payee

corporation, held, that evidence concerning certain witness' experience with said corporation, offered for purpose of proving it could not and did not intend to fulfill conditions of service contract, was properly admitted without an allegation in the answer concerning same; since the facts sought to be proven did not constitute the fraud, but were probative facts from which the jury might infer essential ultimate facts.

7. Contracts—Indorsee's Suit on Note Against Maker—Fraud, Lack of Consideration as Defense—Contemporaneous Contract, Maker's Compliance With Contract—Fraud as Vitiating Note, Also Vitiating Contract.

In a suit by indorsee against maker of a note, defended against on ground of fraud in inception thereof, plaintiff's objection that defendant maker cannot defend because, under a contemporaneous contract certain conditions which maker obligated himself to comply with before being released from payment of note, is not tenable; since if fraud vitiated the note, it also vitiated said conditions in the contract.

8. Negotiable Instruments—Defense of Lack of Consideration—Return of Property, Part of Consideration, Non-necessity of, Property Being an Advertising Gift.

The objection, in a suit by indorsee against maker of a note, defended against for lack of consideration, that certain medicines received by maker at time of execution of note should be returned before defendant could interpose said defense, was not tenable; it conclusively appearing from evidence that said medicine was a mere advertising gift to each holder of a contemporaneous contract between maker and payee.

9. Evidence—Suit by Indorsee of Note—Evidence that Plaintiff Purchased for Value, Sufficiency—Suspicion Cast on Plaintiff's Ownership, Effect.

The objection, in a suit by indorsee against maker of a note, that the evidence was insufficient to support the verdict in defendant's favor is unavailing on appeal; since there was evidence sufficient to cast suspicion upon appellant plaintiff's claim of ownership, and to justify jury in concluding, as alleged in answer, that appellant held the note "for purpose of collecting same for use and benefit of" the payee.

Appeal from Circuit Court, Hamlin County. Hon. CARL G. SHERWOOD, Judge.

See, for former opinion, 35 S. D. 101, 150 N. W. 134.

Action by F. H. Peterson, against G. J. Hoftiezer, upon a promissory note. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*M. J. Russell,* for Appellant.

*W. M. Skinner, Eugene P. Campbell, and Hanten & Hanten & Gault,* for Respondent.

(4) To point four of the opinion, Respondent cited: 18 Cyc. 1378.

(5) To point five of the opinion, Appellant cited: Kirby v. United States, 174 U. S. 47, 43 Co-op. 890.

Respondent cited: Donovan v. Purtell (Ill.) 1 L. R. A. (N. S.) 176, and note; First Nat. Bank v. F. C. Trebein Co., 59 Ohio St. 316, 52 N. E. 834; Cook on Corporation, Vol. II. (5th ed.) Sec. 663; Lachman v. Martin, 139 Ill. 450, 28 N. E. 795.

WHITING, J. Action upon a promissory note, negotiable in form, executed to the Farmers' General Service Company as payee; plaintiff claiming the right to recover as an innocent purchaser for value and before maturity. Verdict and judgment were for the defendant, and from the judgment and an order denying a new trial this appeal was taken.

[1] From a judgment rendered on a former trial an appeal was taken to this court, our decision being found in Peterson v. Hoftiezer, 35 S. D. 101, 150 N. W. 934. Reference is made thereto for a statement of the nature of the defense then interposed and of the grounds upon which the former judgment was reversed and a new trial granted. Since the former appeal the answer has been at least twice amended. At the opening of the term at which the last trial was had plaintiff moved that the amended answer then interposed be stricken out. This motion was granted, but, over plaintiff's objection, defendant was given permission to file a new answer. Appellant complains of this ruling. While it is true that the trial court was most liberal in permitting amendments, yet the allowing of such amendments was peculiarly within the discretion of the trial court, and, furthermore, we are unable to see wherein appellant was prejudiced thereby, because, as a matter of fact, the issues were never changed from those presented by the original answer.

[2] Appellant assigns as error the overruling of his objection to the introduction of any evidence under the answer, contending that such answer fails to state facts sufficient to constitute a defense. As noted in our decision upon the former appeal, the original answer pleaded lack of consideration for, and fraud in

the procurement of, the note, and also put in issue appellant's allegation that he was an innocent purchaser for value and before maturity. The same allegations were contained in the answer upon which this trial was had. The court did not err in the ruling complained of.

[3] There was also contained in the answer upon which this trial was had, as well as in the answer stricken, allegations to the following effect: That the corporation, Farmers' General Service Company, was organized by one S P. Lesselyoung and another, for the purpose of cheating and defrauding divers classes of people residing in a certain territory; that in carrying out said scheme such corporation, by said Lesselyoung and others, falsely pretended that such corporation possessed facilities for the doing of certain things that would be beneficial to such classes of people, these things being those referred to in our former decision as those contracted to be performed by such corporation; that, further, in carrying out such fraudulent scheme said corporation, in consideration of notes taken from the defrauded parties, entered into written contracts, being contracts such as that referred to in our former decision; that, as a part of this fraudulent scheme, a corporation, known as the Empire Realty & Investment Company, did pretend to be the indorsee in due course for value and without notice of the notes so taken, when in fact the said Empire Realty & Investment Company was for all purposes one and the same as the Farmers' General Service Company; that it was as a part of such general scheme to defraud that the said Farmers' General Service Company through its officers obtained the notes sued upon and entered into the contract with defendant; that the said corporations did use the United States mail in the carrying out of such fraudulent scheme in the transaction had with defendant as well as in the defrauding of others; that the said S. P. Lesselyoung was indicted, charged with the using of the mails in carrying out such fraudulent scheme; that said S. P. Lesselyoung did, on the 6th day of October, 1914, plead guilty to the offense so charged, upon which plea a judgment of guilty was rendered; and that such fraudulent transactions so consummated by the use of the United States mail were void from their inception, being contrary to the laws of the United States. It would seem that it was the theory of the pleader that the note taken by

the Farmers' General Service Company was void because of the wrongful use of the United States mail in the consummation of the fraud; while, as a matter of fact, it is clear that the use of the United States mail was criminal because, through it, it was sought to enforce an obligation that was fraudulent in its inception. The invalidity of the note in suit in no manner rests upon the criminal use of the mails. It is clear that these allegations, not found in the original answer, set forth no new or additional defense, but are mere allegations of probative facts, proof of which might, under certain circumstances, be admissible, because from such .facts the jury might properly infer that the note in suit was obtained by fraud. As mere allegations of probative facts, such allegations could properly have been stricken from the answer, but though the allegations were so stricken the proof of the facts might yet be proper.

[4] Appellant contends that there was error committed in receiving in evidence proof of the indictment against Lesselyoung and the plea and judgment thereon. This proof was in the form of court records. These records were received over the objections of appellant, and appellant has assigned the ruling of the court as error. Respondent contends that appellant is in no position to question such ruling, for the reason that no proper objection was interposed. It appears that these records were a part of the deposition of a certain witness; that, upon the taking of the deposition certain objections were interposed to the receipt of these records in evidence, which objections included the objection that they were incompetent. When this deposition was offered at the trial, the respondent read therefrom to the jury, and, when he came to that part where the offer of these records was made, appellant stated that he objected to the same for all the reasons set forth in the deposition, without—as respondent contends—reading such objections. Respondent contends that this is not a proper method of interposing an objection; that the trial court was not bound to refer to such deposition to find out what objections were contained therein; and that therefore the ruling of the trial court was correct. Without passing upon the question so suggested by respondent, we need only note that the record before us is not in a condition to present same. In preparing the settled record herein, appellant, in compliance with the statute and

the rules of this court, attached to his proposed record specifications of error, one of which specifications related to the said ruling. In such specification appellant set forth the objections which he claimed were interposed to the admission of such records— being the same objections that were contained in such deposition. The settled record with such specification of error as a part thereof was settled by the trial court. If respondent believed that the method used by appellant did not properly present the objections to the trial court, he should have resisted the settlement of the record with such specification a part thereof. By so doing he would have given the trial court an opportunity to show by the settled record that it overruled the objection because not properly called to its attention; as the record was settled, it appears that such court considered the objection as stated in the deposition. The record as so settled is conclusive upon this court.

[5] Were such objections properly overruled? It must be borne in mind that this action is brought by one claiming to be the indorsee of the promissory note. Even though the action were brought by the payee named in said note, we think it needs no citation of authority nor discussion to show that ordinarily such payee, if a corporation, would not be bound by any adjudications against its officers in relation to the transaction out of which such note grew, nor by any admissions of such officers made long after the date of the transaction out of which such note grew. But in this case there was evidence from which the jury might rightfully conclude that Lesselyoung, the party who pleaded guilty and was convicted, as shown by such records, was in effect for all purposes one and the same as said corporation payee. We are therefore of the opinion that, under such evidence, the court would have been justified in submitting such records to the jury as against the corporation upon the theory that it was in effect admitting it against Lesselyoung. Courts should never allow a corporate name to be used as a mere cloak behind which an individual may commit wrong and escape personal liability. Donovan v. Purtell, 216 Ill. 629, 75 N. E. 334, 1 L. R. A. (N. S.) 176; First Nat. Bk. v. Trebein Co., 59 Ohio St. 316, 52 N. E. 834.

But even though it should be conceded that for the reasons above stated, such exhibits would have been admissible as against

the corporation, if the corporation was the party plaintiff in this action, yet it does not follow that such evidence was admissible as against appellant. It is certainly fundamental that the indorser of a negotiable instrument or the assignor of a chose in action cannot, long subsequent to such indorsement or assignment and after he has parted with the possession of the negotiable instrument or chose in action, make any admission or statement in relation to the validity of such negotiable instrument or chose in action that will be admissible against the indorsee or assignee, except such statement or admission be made when such indorser or assignor is a witness in an action wherein recovery is sought upon such negotiable instrument or chose in action. But respondent alleged in his answer that appellant was not the owner of this note—that he obtained it "for the purpose of collecting the same for the use and benefit of the said Farmers' General Service Company," the original payee. If he were holding this paper for the benefit of the original payee and was not the owner thereof, then any evidence that would have been competent against such payee if plaintiff was competent as against the appellant. With this issue raised in the answer respondent had a right to offer this proof. Undoubtedly, unless there was some evidence sufficient to go to the jury upon the issue so raised by the answer, the court, on proper objection, would have excluded these records. Such an objection would at best have only gone to the order of proof. No such objection was interposed. There was no motion made to strike out this evidence because of a failure to show that the appellant was not the owner of the note sued on. It is therefor too late for appellant to complain of the ruling of the court admitting these exhibits in evidence.

If appellant believed such records to have been wrongfully received in evidence, and had failed to ask that they be stricken from the record, he yet could have asked the court in its instructions to take such exhibits from the jury, or to instruct them that they should not consider the same until such time as they had found from the evidence that the plaintiff was holding the note for the benefit of the original payee. It does not appear that any such instruction was asked for. Furthermore, there are no assignments of error assigning as erroneous any instructions of the court or any refusal to instruct.

[6] Appellant assigns as error the receipt of evidence in relation to certain witnesses' experiences with the Farmers' General Service Company; appellant contending that, if respondent desired to introduce such evidence, the answer should have alleged the facts sought to be established by such evidence. This evidence was offered for the purpose of proving that such corporation could not and did not intend to fulfill the conditions of the contract entered into with respondent. A pleading such as suggested by appellant would have been improper, therefore the objection interposed was properly overruled. The facts sought to be proven by these witnesses were not facts constituting the fraud, but probative facts from which the jury might infer the ultimate facts necessary to be established.

[7] Appellant contends that respondent cannot defend against this note because, as a part of the contract entered into at the time of the giving of the note, there were certain conditions which appellant obligated himself to comply with before he could be entitled to be released from payment of the note, and appellant contends that such conditions were not complied with. An all-sufficient answer to such contention is that, if fraud vitiated the note, it also vitiated the conditions referred to.

[8] Appellant also contends that it appears that respondent received from the payee of the note a certain cabinet filled with medicines; that this cabinet and medicines therein was part of the consideration for said note; that respondent has never returned or offered to return such cabinet and contents; and that therefore respondent is not in a position to claim release from the payment of such note. There is no merit in this contention, as the evidence conclusively shows that the said cabinet and contents was a mere gift to each contract holder—given to the receipient as an advertising scheme, and not in any sense as part consideration for the note received.

[9] Lastly, appellant contends that the evidence was insufficient to support the verdict. He contends that the evidence clearly shows appellant to be a purchaser for value, without notice, and before maturity of the note. No useful purpose would be subserved if we should review the evidence on this point. From the very nature of the situation of the parties, it is generally impossible by direct evidence to show that one claiming to be such

a holder of a negotiable note is not such in truth. There was evidence sufficient to cast suspicion upon appellant's claim of ownership, and in fact to justify the jury in concluding, as alleged in the answer, that appellant held such note "for the purpose of collecting the same for the use and benefit of the said Farmers' General Service Company." Appellant contends that the evidence was insufficient to prove the fraud alleged. We need express no opinion as to the sufficiency of such evidence, exclusive of the court records we have referred to. With such records before the jury, there was ample evidence of the fraud alleged.

Other errors are assigned, but not discussed. The judgment and order appealed from are affirmed.